UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

KENDALL GARRETT MOSING,        CIVIL ACTION NO. 6:14-CV-02608
ET AL.

VERSUS                       JUDGE HICKS

ROBERT BOSTON, ET AL.        MAGISTRATE JUDGE HANNA

## MEMORANDUM  RULING

Two related motions are currently pending before this Court:  (1) defendant

Zloop Inc.'s motion (Rec. Doc. 108), which seeks to withdraw two earlier motions,

one that sought to transfer this action to North Carolina (Rec. Doc. 11) and one that

sought to transfer the action to Delaware (Rec. Doc. 84); and (2) the motion (Rec.

Doc. 121), which was filed by plaintiffs Kendall Garrett Mosing, Zloop LA, LLC, and

Zloop, Inc., seeking to have this Court's order transferring this matter to North

Carolina (Rec. Doc. 70) reconsidered and rescinded.  Both motions are opposed, and

oral argument was heard on April 20, 2017.  Considering the evidence, the law, and

the arguments of the parties, and for the reasons fully explained below, the motion for

reconsideration and rescission (Rec. Doc. 121) is GRANTED, this Court's prior

transfer order (Rec. Doc. 70) is VACATED, and the motion to withdraw the prior

motions (Rec. Doc. 108) is DENIED AS MOOT.

This is an action originally brought by Zloop LA, LLC and its sole owner Kendall G. Mosing against Robert Boston, Robert LaBarge, and their company Zloop, LLC (which was succeeded by Zloop, Inc.). In their complaint, the plaintiffs alleged that the defendants violated various state and federal securities laws, violated the Louisiana Business Opportunity Law, La. R.S. 51:1821 *et seq*., and violated the Louisiana Unfair Trade Practices Act, La. R.S. 51:1401. The plaintiffs also alleged that the defendants are liable for fraud, conversion, breach of contract, negligent misrepresentation, and detrimental reliance. The court has subject-matter jurisdiction over this action because the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional threshold; alternatively, the court has subject-matter jurisdiction because the plaintiffs' complaint alleged that the defendants violated federal securities laws.

In their complaint, the plaintiffs detailed a long and complicated chronology of events allegedly including fraud, deception, misrepresentation, forgery, and other dishonest acts by the defendants that were allegedly used in an effort to induce Mosing to invest in Zloop franchises that recycle electronic waste for profit, to loan money to Zloop, and to establish lines of credit for Zloop that were secured by Mosing's money. More particularly, the plaintiffs alleged that, beginning in

September 2012, the defendants began making overtures to Mosing regarding prospects for Zloop franchises. On October 4, 2012, Mosing signed franchise disclosure documents related to the possible purchase of three Louisiana Zloop franchises.[1] Those documents disclosed various aspects of the contemplated franchise agreements and included provisions specifying that any action brought by either party against the other would be required to be brought in North Carolina.[2] The page on which these provisions appear bears Mosing's initials "KGM" in the bottom right corner,[3] and Mosing's full signature as "franchisee" appears at end of the franchise disclosure document.[4]

A few days after signing the franchise disclosure document, Mosing signed three franchise agreements for the purchase of Louisiana franchises by three limited liability companies, Zloop LA-T1, LLC; Zloop LA-T2, LLC; and Zloop LA-T3, LLC, which the plaintiffs assert were not in existence at that time and ultimately were never formed. Mosing initialed each page of the franchise agreements.[5] Each franchise agreement contains the following identical provision, at Article XXIV(B): "The

---

[1]     Copies of these documents are found in the record at Rec. Doc. 11-3.

[2]     Rec. Doc. 11-3 at 2.

[3]     Rec. Doc. 11-3 at 2.

[4]     Rec. Doc. 11-3 at 56.

[5]     Rec. Doc. 11–3 at 57-168.

parties agree that any action brought by either party against the other in any court, whether federal or state, shall be brought within the State of North Carolina and do hereby waive all questions of personal jurisdiction or venue for the purpose of carrying out this provision."[6]

The defendants filed a motion in November 2014, seeking to have this lawsuit transferred to North Carolina, consistent with the forum-selection clauses in the franchise agreements.[7] The defendants asserted that the plaintiffs violated the mandatory North Carolina forum-selection clauses by filing suit in this court. This Court found that the forum-selection clauses were mandatory, valid, applicable to the parties, and applicable to the plaintiffs' claims. This Court further found that enforcement of the forum-selection clauses was reasonable under the circumstances presented. This Court granted the defendants' motion to transfer venue under 28 U.S.C. § 1404(a) and ordered that this action be transferred to the United States District Court for the Western District of North Carolina.[8]

---

[6]     Rec. Doc. 11-3 at 88, 124, 162.

[7]     Rec. Doc. 11.

[8]     Rec. Doc. 70.

Mosing and Zloop LA, LLC appealed this Court's ruling to the district judge.[9] While the appeal was pending, Zloop, LLC and two other related entities, Zloop Nevada, LLC, and Zloop Knitting Mill, LLC, sought bankruptcy protection in Delaware. The bankruptcy court confirmed[10] a Chapter 11 Liquidation Plan in which Mosing was awarded a $40 million unsecured claim and control over the prosecution of Zloop, Inc.'s claims against third parties including Boston and LaBarge. The effect of the plan is that Zloop, Inc. has been realigned as a plaintiff in this lawsuit.

The motion to transfer the suit to North Carolina was filed before the bankruptcy proceeding was initiated and before the realignment of the parties. It was filed jointly by all three parties who were then defendants in this suit, i.e., Zloop, LLC and/or Zloop, Inc., Boston, and LaBarge.[11] The motion to transfer the case to Delaware was filed after the bankruptcy proceeding began, and it was filed by Zloop, Inc., Boston, and LaBarge.[12] However, only Zloop, Inc. filed the instant motion to withdraw the two earlier motions to transfer,[13] and it is the plaintiffs, i.e., Mosing, Zloop LA, LLC, and Zloop, Inc., who seek reconsideration and rescission of this

---

[9]    Rec. Doc. 77.

[10]    Rec. Doc. 121-2 at 1.

[11]    Rec. Doc. 11.

[12]    Rec. Doc. 84.

[13]    Rec. Doc. 108.

Court's order transferring the case to North Carolina.[14]  Boston and LaBarge oppose

both pending motions.

**ANALYSIS**

The plaintiffs argue that there are two reasons why this motion for

reconsideration and rescission of this Court's transfer order should be granted.  First,

they argue that new facts justify reconsideration and rescission of the ruling.  Second,

they argue that the Delaware bankruptcy court already decided this issue, precluding

this Court from addressing the issue any further.

**A.**     **THE APPLICABLE STANDARD FOR RECONSIDERATION UNDER THE FEDERAL
         RULES OF CIVIL PROCEDURE**

The plaintiffs argue that this Court's earlier transfer order (Rec. Doc. 70) can

be reconsidered under Rule 54(b) of the Federal Rules of Civil Procedure.  Although

the Federal Rules of Civil Procedure do not expressly recognize a motion for

reconsideration,[15] Rule 54(b) states that "any order. . . that adjudicates fewer than all

the claims or the rights and liabilities of fewer than all the parties. . . may be revised

at any time before the entry of a judgment adjudicating all the claims and all the

parties' rights and liabilities."  Therefore, the Fifth Circuit Court of Appeals has held

---

[14]     Rec. Doc. 121.

[15]     *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000); *St. Paul Mercury Ins.
Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997).

-6-

that a motion for reconsideration filed within twenty-eight days after the entry of judgment or the issuance of an interlocutory order is treated as a motion to alter or amend judgment under Rule 59(e), while a motion for reconsideration that is filed more than twenty-eight days after the entry of judgment or the issuance of an order is treated as a motion seeking relief from judgment under Rule 60(b).[16]  In this case, the court's transfer order was issued on June 25, 2015, and the motion for reconsideration and rescission was filed on January 18, 2017, long after the twenty-eight day deadline elapsed.  Therefore, the instant motion must be treated as a motion seeking relief under Rule 60(b).

"The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts."[17]  It states that "[o]n motion and just terms, the court may relieve a party. . . from a[n] . . . order" for certain specified reasons.  Among the reasons listed in the rule is "newly discovered evidence."[18]  In this case, the plaintiffs contend that this Court

---

[16]     *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004); *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n 10. (5th Cir. 1998); *Lavespere v. Niagara Mack & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1991), abrogated on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994).  In *Shepherd*, the Fifth Circuit held that a motion for reconsideration should be considered a Rule 59(e) motion if filed within ten days of the order in question, but the 2009 amendments to Fed. R. Civ. P. 59(e) changed the deadline to 28 days.

[17]     *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005).

[18]     Fed. R. Civ. P. 60(b)(2).

should reconsider and rescind its prior ruling "based on the new information provided,"[19] "given the new evidence,"[20] and "based on the new facts."[21] "Under Rule 60(b)(2), '[t]o succeed on a motion for relief from judgment based on newly discovered evidence, our law provides that a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment.'"[22] Rule 60(b)(2) does not permit reconsideration of a judgment or order due to the discovery new evidence "if the evidence is merely cumulative or impeaching and would not have changed the result."[23] Furthermore, Rule 60(b) motions are committed to the sound discretion of the district court.[24]

---

[19]    Rec. Doc. 121-1 at 7.

[20]    Rec. Doc. 121-1 at 7.

[21]    Rec. Doc. 121-1 at 20.

[22]    *Hesling v. CSX Transp., Inc.*, 396 F.3d at 639-40 (quoting *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003)).

[23]    *Hesling v. CSX Transp., Inc.*, 396 F.3d at 639; *Trans Mississippi Corp. v. United States*, 494 F.2d 770, 773 (5th Cir. 1974)).

[24]    *Hesling v. CSX Transp., Inc.*, 396 F.3d at 638; *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998); *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc); *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

**B. <u>New Evidence Requires Reconsideration of this Court's Prior Ruling</u>**

The new evidence that the movers contend mandates reconsideration and rescission of this Court's transfer order is an "Agreement to Amend and Modify Contracts" that was executed on November 28 and 29, 2016. In the context of the bankruptcy proceeding for Zloop, Inc. (formerly Zloop, LLC), Zloop Nevada, LLC, and Zloop Knitting Mill, LLC, an "Agreement to Amend and Modify Contracts"[25] was executed by William H. Henrich, the Chief Restructuring Office of Zloop, Inc., and Kendall G. Mosing, on his own behalf and also on behalf of Zloop LA, LLC. The "Agreement to Amend and Modify Contracts" defined the term "The Zloop Litigation" to mean the instant lawsuit, and it defined the term "The Parties" to mean Zloop, Inc. and Kendall G. Mosing, in his individual capacity and in his capacity as the sole member and manager of Zloop LA, LLC. The "Agreement to Amend and Modify Contracts" amended various contracts, including but not limited to the franchise disclosure agreement and the three franchise agreements executed by Kendall G. Mosing in 2012 that were the basis of this Court's prior ruling that transferred this case to North Carolina.

---

[25]     Rec. Doc. 108-3.

In the "Agreement to Amend and Modify Contracts," the parties retroactively amended the venue and forum-selection provisions of the franchise disclosure agreement and franchise agreements to specify that "any disputes between any of The Parties shall be resolved in the United States District Court for the Western District of Louisiana, or a district court in Lafayette Parish, Louisiana if federal court is unavailable for any reason."[26] The "Agreement to Amend and Modify Contracts" further states that:

> Zloop, Inc. retroactively consents to the jurisdiction of The Zloop Litigation, or any other dispute between the Parties, in the United States District Court for the Western District of Louisiana, or a district court in Lafayette Parish, Louisiana if such federal court is unavailable for any reason. Zloop, Inc. hereby retroactively waives any and all arguments under any and all forum selection clauses or otherwise seeking to preclude litigation in Louisiana regardless of when said agreement was originally entered.[27]

The "Agreement to Amend and Modify Contracts" also states:

> All of The Parties agree that litigation of The Zloop Litigation anywhere outside the United States District Court for the Western District of Louisiana would be unreasonable, and that The Zloop Litigation should remain in the United States District Court for the Western District of Louisiana for the reasons set forth in the APPEAL OF

---

[26]     Rec. Doc. 108-3 at 1.

[27]     Rec. Doc. 108-3 at 2-3.

The "Agreement to Amend and Modify Contracts" was executed on November 28 and 29, 2016, approximately a year and a half after this Court issued the order transferring this lawsuit to North Carolina.

The "Agreement to Amend and Modify Contracts" and the retroactively modified contracts referenced therein constitutes new evidence that was not available at the time this Court's transfer order was issued. This new evidence is material and controlling, and it clearly would have produced a different result if it had been presented to this Court at the time that the transfer order was issued. Therefore, the existence of this new evidence requires this Court to reconsider its transfer order.

## C. RES JUDICATA PRINCIPLES REQUIRE RESCISSION OF THIS COURT'S TRANSFER ORDER

The plaintiffs argue that issue preclusion and *res judicata* principles require this Court to rescind its transfer order due to the actions of the Delaware bankruptcy court. In the bankruptcy proceeding, a Chapter 11 liquidation plan was issued, which referred to the "Agreement to Amend and Modify Contracts" and to Zloop Inc.'s then-proposed plan to file a motion in this lawsuit seeking to withdraw its earlier motions to transfer this action to North Carolina and to transfer this action to the

---

[28] Rec. Doc. 108-3 at 3 (capitalization in original).

Delaware. Boston and LaBarge objected to the proposed plan, but the plan was confirmed over their objections, and they did not appeal.

Res judicata "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."[29] A successful *res judicata* defense requires evidence establishing the following four elements: (1) the parties were identical in the two actions; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same cause of action was involved in both cases.[30] A bankruptcy court's confirmation order is a final judgment for purposes of res judicata.[31] Therefore, when a creditor fails to appeal from the confirmation of a bankruptcy plan, the plan can form the basis of a *res judicata* claim[32] because a confirmed plan is final and binding against all creditors pursuant to 11 U.S.C. § 1141(a) and (d).[33]

---

[29] *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999).

[30] *Eubanks v. F.D.I.C.*, 977 F.2d 166, 169 (5th Cir. 1992); *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir. 1983) (quoting *Kemp v. Birmingham News Co.*, 608 F.2d 1049, 1052 (5th Cir. 1979)).

[31] *Rossco Holdings, Inc. v. McConnell*, 613 Fed. App'x 302, 305 (5th Cir. 2015) (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269 (2010)); *Eubanks v. F.D.I.C.*, 977 F.2d at 171; *Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1053 (5th Cir. 1987).

[32] *Supply Co. v. Shoaf*, 815 F.2d at 1050.

[33] See also *Eubanks v. F.D.I.C.*, 977 F.2d at 170-71.

In this case, all of the necessary elements for *res judicata* are satisfied.  First, there is sufficient identity of the parties in the two actions.  Zloop, Inc., Boston, and LaBarge are all parties to this lawsuit, and they were all involved in the bankruptcy proceeding.  According to an affidavit signed by Boston at the time the bankruptcy proceeding commenced in August 2015, Boston was the chairman and chief executive officer of Zloop, Inc.[34]  He and LaBarge each held approximately 48.54% of the issued and outstanding common stock of Zloop, Inc.[35]  Zloop, Inc. was the sole member of the two other entities seeking bankruptcy protection, namely, Zloop Nevada, LLC, and Zloop Knitting Mill, LLC.[36]  Therefore, Boston and LaBarge had ownership interests in the three bankruptcy debtors.  Boston and LaBarge were also creditors or claimants in the bankruptcy proceeding, based on their both having loaned substantial sums of money to the debtors.[37]  Significantly, they also were active participants in the bankruptcy proceeding.  In particular, Boston and LaBarge objected to the "Debtors' Modified Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation" that was later confirmed by the bankruptcy court,[38]

---

[34]     Rec. Doc. 84-3 at 1.

[35]     Rec. Doc. 84-3 at 8.

[36]     Rec. Doc. 84-3 at 1, 7-8.

[37]     Rec. Doc. 84-3 at 9-10.

[38]     Rec. Doc. 113-4.

and their objections focused in part on the retroactive amendment of the forum-selection clauses in the franchise agreements,[39] which was later adopted implicitly by the bankruptcy court when the plan was confirmed. This Court concludes that there is sufficient identity between the parties in this suit and the parties in the bankruptcy proceeding for *res judicata* principles to apply.

The second element necessary for *res judicata* to apply is that the prior judgment must have been rendered by a court of competent jurisdiction. There is no contention by any party that the Delaware bankruptcy court lacked jurisdiction to confirm the liquidation plan.

Third, there must be a final judgment on the merits. It is well-settled that a bankruptcy court's confirmation order is a final judgment for purposes of *res judicata*.[40]

Fourth, the same cause of action must be involved in both cases. To determine whether claims are identical in this context, a transactional test is applied. If the same factual predicate or the same nucleus of operative facts that gave rise to the bankruptcy also gave rise to the litigation, this element is satisfied.[41] The fact that the

---

[39]     Rec. Doc. 113-4 at 3.

[40]     See the cases cited at Footnote 31, above.

[41]     *Eubanks v. F.D.I.C.*, 977 F.2d at 171.

bankruptcy court awarded Mosing an unsecured claim of $40 million and control over the prosecution of Zloop, Inc.'s claims against third parties including Boston and LaBarge is evidence that the instant litigation arises out of the same factual scenario that led to the bankruptcy proceeding. Therefore, this Court finds that the fourth element for the applicability of *res judicata* is satisfied.

But "[e]ven where there is an identity of claims, the doctrine of res judicata does not bar the second action unless the plaintiff could or should have brought its claim in the former proceeding."[42] In this case, however, the issue of whether North Carolina or Louisiana was the proper forum for the litigation of the claims arising out of Mosing's investment in Zloop franchises was presented to the bankruptcy court in the form of an agreement to retroactively amend and modify the franchise agreements, Boston and LaBarge objected to the amendment of the agreement, and the bankruptcy court incorporated the amendment in the confirmed plan. Thus, in essence, the bankruptcy court ruled against Boston and LaBarge on this issue. Therefore, this Court finds that the issue of the enforceability of the forum-selection clauses was fully litigated in the bankruptcy court and is the same issue that was presented to this Court in the original motion seeking the transfer of this lawsuit to

---

[42]     *Eubanks v. F.D.I.C.*, 977 F.2d at 173.

North Carolina, and the same issue that is now before this Court on the instant motion for reconsideration and rescission.

Although "the standard res judicata analysis can be an awkward fit when applied to bankruptcy proceedings," requiring that the court "scrutinize the totality of the circumstances in each action and then determine whether there is identity of causes of action,"[43] there is no such obstacle presented in this case.  The parties to this lawsuit were all involved in the bankruptcy proceeding, the liquidation plan was issued by a court of competent jurisdiction, the bankruptcy court's confirmed plan was a final judgment, and the issue of the proper venue for litigation of claims by the parties to the franchise agreements against each other was litigated and decided in the bankruptcy court.  The confirmed bankruptcy plan adopted the retroactive amendment to the forum-selection clauses in the Louisiana franchise agreements, which makes Louisiana the sole forum for claims such as those asserted in this lawsuit.  No evidence was presented to show that Boston or LaBarge appealed the bankruptcy court's confirmed plan.  Under Section 1141(a) of the bankruptcy code, a confirmed plan is binding upon all entities holding a claim against or an interest in the debtor.[44]

---

[43]     *Brown Media Corporation v. K&L Gates, LLP*, No. 15-4185-cv, 2017 WL 1360770, at *5 (2nd Cir. 2017).

[44]     Collier on Bankruptcy, Sixteenth Edition, Volume 8 at Section 1141.02 at 1141-7.

As shareholders in Zloop, Inc. at the time the bankruptcy proceeding was initiated, Boston and LaBarge had an interest in the debtor.[45]  Indeed, "an order confirming a plan is a judgment *in rem*, binding upon all parties in interest" [and] "binding on the world. . . ."[46]  Therefore, the bankruptcy court's confirmation of a liquidation plan in which the forum-selection clauses in the Zloop franchise agreements were amended to require that any disputes between Mosing, Boston, LaBarge, Zloop, Inc., and Zloop LA, LLC be litigated in Louisiana requires this Court to exercise its discretion, vacate its transfer order, and permit the instant litigation to go forward in this forum.

<u>CONCLUSION</u>

Having found that the existence of new material evidence requires reconsideration of this Court's transfer order and having found that *res judicata* principles require rescission of this Court's transfer order,

IT IS ORDERED that the motion for reconsideration and rescission (Rec. Doc. 121) is GRANTED, this Court's prior transfer order (Rec. Doc. 70) is VACATED, and the motion to withdraw the prior motions (Rec. Doc. 108) is DENIED AS MOOT.  To the extent that the motion for reconsideration and rescission of the

---

[45]     Collier on Bankruptcy, Sixteenth Edition, Volume 8 at Section 1141.02 at 1141-7, n. 3 ("The Code does not define the term 'interest,' but the term is used to subsume the ownership interest of an individual debtor in property, the interest of equity security holders, as defined in section 101, and the interest of partners in a debtor partnership.").

[46]     Collier on Bankruptcy, Sixteenth Edition, Volume 8 at Section 1141.02 at 1141-8.

transfer order (Rec. Doc. 121) alternatively sought supplementation of the appeal record, the motion is DENIED AS MOOT because the appeal itself was denied as moot (Rec. Doc. 126).

Signed at Lafayette, Louisiana on this27th day of April 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE