# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| KENDALL GARRETT MOSING, ET AL. | CIVIL ACTION NO. 6:14-cv-02608 |
| VERSUS | JUDGE HICKS |
| ROBERT BOSTON, ET AL. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Currently pending is the motion for stay, which was filed by defendants Robert Boston and Robert LaBarge. (Rec. Doc. 148). The motion is opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is GRANTED and this matter is STAYED pending the resolution of the criminal proceeding.

### FACTUAL BACKGROUND

This is an action originally brought by Zloop LA, LLC and its sole owner Kendall G. Mosing against Robert Boston, Robert LaBarge, and their company Zloop, LLC (which was succeeded by Zloop, Inc.). In the complaint, the plaintiffs alleged that the defendants violated various state and federal securities laws, violated the Louisiana Business Opportunity Law, La. R.S. 51:1821 *et seq.*, and violated the Louisiana Unfair Trade Practices Act, La. R.S. 51:1401. The plaintiffs also alleged that the defendants are liable for fraud, conversion, breach of contract, negligent

misrepresentation, and detrimental reliance. The plaintiffs' complaint detailed a long and complicated chronology of events allegedly including fraud, deception, misrepresentation, forgery, and other dishonest acts by the defendants that were allegedly used in an effort to induce Mosing to invest in Zloop franchises that recycle electronic waste for profit, to loan money to Zloop, and to establish lines of credit for Zloop that were secured by Mosing's money. The plaintiffs alleged that the defendants began making overtures to Mosing regarding prospects for Zloop franchises in September 2012. Shortly thereafter, Mosing signed franchise disclosure documents related to the possible purchase of three Louisiana Zloop franchises as well as franchise agreements for the purchase of Louisiana franchises by three limited liability companies, Zloop LA-T1, LLC; Zloop LA-T2, LLC; and Zloop LA-T3, LLC, which the plaintiffs assert were not then in existence and ultimately were not formed.

Zloop, LLC and two other related entities, Zloop Nevada, LLC, and Zloop Knitting Mill, LLC, sought bankruptcy protection in Delaware. The bankruptcy court confirmed a Chapter 11 Liquidation Plan in which Mosing was awarded a $40 million unsecured claim and control over the prosecution of Zloop, Inc.'s claims against third parties including Boston and LaBarge. The effect of the plan is that Zloop, Inc. became a plaintiff in this lawsuit.

In April 2017, Boston and LaBarge were indicted in the United States District Court, Western District of North Carolina, Charlotte Division. (Rec. Doc. 148-2 at 7-17; 148-3 at 9-20). The factual bases of the crimes charged in the indictments mirror the allegations of the complaint filed in this lawsuit.

In May 2017, an adversary proceeding pending in the United States Bankruptcy Court for the District of Delaware, in which Zloop, Inc. asserted claims against LaBarge, Robyn L. Diamond, and LaBarge-Diamond Family Trust, LLC, was transferred to this forum and incorporated in this lawsuit.

In the instant motion, Boston and LaBarge seek to have this action stayed pending the resolution of the criminal charges against them.

## LAW AND ANALYSIS

A district court has inherent power to control the disposition of the cases on its docket,[1] and this includes wide discretion to grant a stay in a pending matter.[2] "The district court has a general discretionary power to stay proceedings before it. . . in the interests of justice."[3] The United States Supreme Court has confirmed the district courts' power to stay "any. . . claim related to rulings that will likely be made in a

---

[1] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[2] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).

[3] *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982).

pending or anticipated criminal trial."[4] Therefore, although it is not required to do so, a district court may stay a civil proceeding during the pendency of a parallel criminal proceeding[5] or "until the criminal case or the likelihood of a criminal case is ended."[6] Granting such a stay contemplates special circumstances and the need to avoid substantial and irreparable prejudice.[7] The burden to show that a stay is warranted rests on the movant,[8] and "the granting of a stay of civil proceedings due to pending criminal investigation is an extraordinary remedy, not to be granted lightly."[9] Thus, although "[t]he simultaneous prosecution of civil and criminal actions is generally unobjectionable,"[10] the stay of a pending civil action may be appropriate "when there is a real and appreciable risk of self-incrimination."[11]

---

[4] *Wallace v. Kato*, 549 U.S. 384, 393 (2007).

[5] *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983); *S.E.C. v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981).

[6] *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 655 (5th Cir. 2007) (quoting *Wallace v. Kato*, 549 U.S. 384, 394 (2007)).

[7] *United States v. Little Al*, 712 F.2d at 136, citing *S.E.C. v. First Fin. Grp. of Tex., Inc.*, 659 F.2d at 668.

[8] *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982).

[9] *United States v. Simcho*, 326 Fed. App'x 791, 792-793 (5th Cir. 2009) (quoting *In re Who's Who Worldwide Registry, Inc.*, 197 B.R. 193, 195 (Bankr. E.D. N.Y. 1996)).

[10] *S.E.C. v. First Fin. Grp. of Tex., Inc.*, 659 F.2d at 667.

[11] *Brumfield v. Shelton*, 727 F.Supp. 282, 284 (E.D. La. 1989) (citing *United States v. Kordel*, 391 U.S. 1, 8-9 (1970)).

The Fifth Circuit has provided the following guidance for deciding whether a civil case should be stayed pending the resolution of related criminal proceedings:

> Judicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other. In some situations it may be appropriate to stay the civil proceeding. In others it may be preferable for the civil suit to proceed – unstayed. In the proper case the trial judge should use his discretion to narrow the range of discovery.[12]

Furthermore, "before granting a stay pending resolution of another case, the court must carefully consider the time reasonably expected for resolution of the other case, in light of the principle that stay orders will be reversed when they are found to be immoderate or of an indefinite duration."[13]

Incorporating this guidance, courts in the Fifth Circuit consider six factors in determining whether a civil action should be stayed due to the existence of a related criminal matter, including (1) the extent to which the issues in the criminal case overlap those presented in the civil case; (2) the status of the criminal case (including whether the defendant has been indicted); (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to the plaintiff that might result from

---

[12] *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962) (internal citations omitted).

[13] *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir.1982)).

delay; (4) the private interests of and burden on the defendants; (5) the court's interests; and (6) any public interest issues.[14] Each factor will be reviewed in turn.

1. **Overlapping issues in the criminal and civil cases.**

When the issues presented in the civil and criminal proceedings overlap, courts often feel compelled to grant a stay.[15] Many courts have found that "the similarity of the issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay."[16] After comparing the factual allegations made in this case with the criminal indictment, this Court finds that the subject matter of this suit is virtually identical to that of the criminal indictment. Therefore, this factor weighs in favor of issuing a stay.

2. **The status of the criminal proceeding.**

Boston and LaBarge have both been criminally indicted, and criminal charges against them are pending. "Generally, a stay of a civil case is 'most appropriate'

---

[14] *Alcala v. Texas Webb County*, 625 F.Supp.2d 391, 399 (S.D. Tex. 2009) (collecting district court cases within the Fifth Circuit applying this test).

[15] See, e.g., *Lee v. Ackal*, No. 15-00754, 2016 WL 1690319, at *2 (W.D. La. Apr. 15, 2016); *Kelly Marie Villani v. Adellatif E. Devol*, No. 15-852-JWD-EWD, 2016 WL 1383498, at *3 (M.D. La. Apr. 7, 2016); *Waste Management of Louisiana, LLC v. River Birch, Inc.*, No. 11-2405, 2012 WL 520660, at *4 (E.D. La. Feb. 15, 2012) ("[T]he extent of the overlap between the suits weighs heavily in favor of granting a stay."); *Doe v. Morris*, No. 11-1532, 2012 WL 359315, at *1 (E.D. La. Feb. 2, 2012) ("The significant overlap of issues in both actions counsels in favor of a stay.").

[16] *State Farm Lloyds v. Wood*, No. H-06-503, 2006 WL 3691115, at *2 (S.D. Tex. Dec. 12, 2006).

when a party to the civil action has already been indicted for the same conduct."[17] The status of the criminal case "is largely linked with the fourth factor, the potential burden on Defendant in not granting the stay" because the issuance of a criminal indictment creates a greater risk of self-incrimination."[18] As explained by one court, a "primary goal of a stay, when a stay is indeed warranted, is to preserve a defendant's Fifth Amendment right against self-incrimination and to resolve the conflict he would face between asserting this right and defending the civil action."[19] In this case, the parties dispute whether Boston and LaBarge have waived their Fifth Amendment rights against self-incrimination, but the defendants argue that they have not waived those rights. The fact that both of them have already been indicted creates a significant risk of self-incrimination, and this Court is unable to conclude that the defendants have waived their Fifth Amendment rights. Therefore, this Court finds that this factor weighs in favor of a stay.

---

[17] *Modern American Recycling Serv. v. Dunavant*, No. 10-3153, 2012 WL 1357720, at * 3 (E.D. La. Apr. 19, 2012).

[18] *LeBouef v. Global X-Ray*, No. 07-5755, 2008 WL 239752, at *2 (E.D. La. Jan. 29, 2008).

[19] *Alcala v. Texas Webb County*, 625 F.Supp.2d at 397.

### 3. The plaintiffs' interests.

The plaintiffs contend that moving forward with this case is necessary for them to obtain the discovery necessary to present their claims at trial. They are particularly "concerned with being able to conduct third party discovery." (Rec. Doc. 157 at 5). They also argue that they are entitled to have the trial fixed on a date that is sooner rather than later, noting that the case has been pending since 2014 and is based on events that occurred as early as 2012. These are legitimate concerns, and this factor weighs in favor of denying the motion for stay. However, the defendants' concerns are at least partially ameliorated by the fact that the defendants have already been indicted, and this matter would be stayed only long enough for the criminal proceeding to be concluded.

### 4. The defendants' interests.

The defendants contend that they "cannot defend themselves in this action without prejudicing their ability to defend themselves in the criminal proceeding." (Rec. Doc. 148-1 at 12). Despite the plaintiffs' contention to the contrary, they argue vociferously that they have not waived their Fifth Amendment rights. Thus, there is a conflict between the defendants' ability to assert those rights and still defend against the claims asserted in this lawsuit. This conflict favors a stay of this action, which

would allow the defendants to properly address any criminal culpability first, prior to addressing their potential civil liability.

### 5. **The court's interest.**

Both involved courts are interested in judicial economy and expediency.[20] Granting a stay of the civil case would serve those interests because "conducting the criminal proceedings first advances judicial economy."[21] The "conviction of a civil defendant as a result of the entry of a plea or following a trial can contribute significantly to the narrowing of issues in dispute in the overlapping civil cases and promote settlement of civil litigation not only by that defendant but also by co-defendants who do not face criminal charges."[22] Because of the overlapping issues and factual basis for the two lawsuit, it is almost certain that duplicative legal findings will be issued by the two courts if this matter is not stayed. Furthermore, allowing the criminal suit to proceed first may streamline this matter since there is a possibility that collateral estoppel or res judicata will affect some or all of the overlapping issues

---

[20] *Doe v. Morris*, 2012 WL 359315, at *2; *Alcala v. Texas Webb County*, 625 F.Supp.2d at 407.

[21] *S.E.C. v. Offill*, No. 3:07-CV-1643-D, 2008 WL 958072, at *3 (N.D. Tex. Apr. 9, 2008).

[22] *Alcala v. Texas Webb County*, 625 F.Supp.2d at 406 (quoting *Worldcomm, Inc. Securities Litigation*, Nos. 02 Civ. 3288 (DLC) and 02 Civ. 4816 (DLC), 2002 WL 31729501 at *8 (S.D. New York Dec. 5, 2002).

since "[i]t is well established that a prior criminal conviction may work as estoppel."[23] On balance, this factor weighs in favor of granting a stay.

### 6. **The public interest.**

The Fifth Circuit has recognized that the public has a substantial interest in law enforcement efforts through criminal investigation and prosecution.

> The very fact that there is clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.[24]

One of the plaintiffs' main contentions is that a stay would delay discovery and the ultimate resolution of this case. While this is a valid concern, "Fifth Circuit precedent advises that this interest is subservient to law enforcement's prerogative in this situation as an indictment has been issued."[25]

Based on the foregoing evaluation of the competing interests, this Court finds that all but one of the relevant factors favors the granting of the motion for stay, and

---

[23] *United States v. Acadiana Cardiology, LLC*, 2014 WL 1320157, at *3 (W.D. La.,2014) (quoting *Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558, 568 (1951)).

[24] *Campbell v. Eastland*, 307 F.2d at 487.

[25] *Lee v. Ackal*, 2016 WL 1690319, at *4.

this Court further finds that a stay pending the completion of the criminal proceedings would not substantially harm the plaintiffs' interests. Therefore, this Court, in its discretion, decides that a stay should be granted.

When a suit is stayed during the pendency of a criminal proceeding, an administrative closure is appropriate.[26] An administrative closure is a postponement of proceedings, rather than a dismissal or a termination of proceedings,[27] and a case that is administratively closed "may be reopened upon request of the parties or on the court's own motion."[28] Accordingly,

IT IS ORDERED that the motion for stay (Rec. Doc. 148) is GRANTED, and the Clerk of Court is to administratively close this action in his records, without prejudice to the right of the parties to file a joint motion to reopen this proceeding not more than ten days after the date of resolution (i.e., when a verdict of not guilty has been returned or sentencing has been completed) of the criminal case currently pending against Boston and LaBarge in the United States District Court, Western District of North Carolina, Charlotte Division. This order shall not be considered a

---

[26] *Bean v. Alcorta*, 220 F.Supp.3d 772, 778 (W.D. Tex. 2016) (citing *Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004)).

[27] *Bean v. Alcorta*, 220 F.Supp.3d at 778 (citing *S. La. Cement, Inc. v. Van Aalst Bulk Handling, B.V.*, 383 F.3d 297, 302 (5th Cir. 2004)).

[28] *Mire v. Full Spectrum Lending Inc.*, 389 F.3d at 167.

dismissal or disposition of this matter, and should further proceedings become necessary or desirable, any party may initiate such proceedings by motion as if this order had not been entered.  Further, to the extent the plaintiffs perceive a need for discovery on matters that would not impact or otherwise affect the pending prosecution of Boston and LaBarge, those matters should be brought to this Court's attention for consideration.

Signed at Lafayette, Louisiana this 22nd  day of September 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE